**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN M. HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01442-JMS-DKL |
| | ) |
| CORIZON, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Discussing Severance of Claims**

**I. Background**

The plaintiff, Mr. John Holland ("Mr Holland"), is incarcerated at the New Castle Correctional Facility ("New Castle"). He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care in violation of the Eighth and Fourteenth Amendments. He has named 14 defendants, including employees of two different prisons. The defendants are: 1) Corizon Corporation; 2) Wabash Valley Correctional Facility ("Wabash Valley") Dr. Jacques Laclera[1]; 3) Wabash Valley Dr. Rios Do. Rolando; 4) Wabash Valley Dr. John B. Clarkson; 5) Wabash Valley Health Services Administrator M. Gadberry; 6) Wabash Valley Director of Nursing Kim Gray; 7) Wabash Valley LPN Sharon Wilks; 8) Wabash Valley R.N. Lisa Wolfe; 9) Regional Medical Director of Indiana Department of Correction ("IDOC") Dr. Michael Mitchell[2]; 10) New Castle Correctional Facility ("New Castle") nurse D. Allen; 11) New Castle Dr. B. Loveridge; 12) New Castle nurse Teresa Robertson; 13) Wabash

---
[1] Dr. Jacques Leclerc is the proper spelling of the Wabash Valley physician's name.
[2] Regional Medical Director's name "Dr. Michael Mitchell" is misspelled. His last name is "Mitcheff."

Valley counselor Chris Williams; and 14) Wabash Valley counselor Marty Hale. He sues the defendants in their individual and official capacities. He seeks compensatory and punitive damages and injunctive relief.

Mr. Holland has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Dismissal of Certain Claims

Section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). No factual allegations of wrongdoing are alleged against defendants M. Gadberry and LPN Wilks. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Therefore, any claims asserted against M. Gadberry and LPN Wilks are **dismissed** for failure to state a claim upon which relief can be granted.

The complaint alleges that nurse Teresa Robertson gave Mr. Holland the wrong medication on one occasion. At best, Mr. Holland's claim against nurse Robertson is one of negligence. Negligence does not support a constitutional claim. *See Harper v. Albert*, 400 F.3d 1052, 1065

(7th Cir. 2005). The claim against nurse Robertson is **dismissed** for failure to state a claim upon which relief can be granted.

The complaint alleges that counselor Marty Hale denied Mr. Holland's request for a bottom floor cell because she did not have medical authorization to do so. He alleges that the decision to deny him a bottom floor cell was based on the fact that he could still get to work using crutches on the steps, and therefore he did not need the bottom floor cell. The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). Pursuant to the Eighth Amendment, prison officials have the duty to provide humane conditions of confinement–"prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (internal quotation omitted). The claim against Marty Hale is **dismissed** because the allegations against her do not rise to the level of deliberate indifference.

Mr. Holland alleges that defendants Dr. Rios Do. Rolando and Dr. John B. Clarkson were not allowed to give him pain medication and advised him not to take the Naprosyn pain medication because of his other medical conditions. To state a medical claim that a prison official has violated the Eighth Amendment, a plaintiff must demonstrate two elements: (1) an objectively serious medical condition; and (2) deliberate indifference by the prison official to that condition. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). "[D]eliberate indifference is essentially a criminal recklessness standard, that is, ignoring a known risk." *Id.* at 585 (internal quotation omitted). The allegations against Dr. Rolando and Dr. Clarkson do not rise to the level of deliberate indifference

and therefore the claims against Dr. Rios Do. Rolando and Dr. John B. Clarkson are **dismissed** for failure to state a claim upon which relief can be granted.

The claim against counselor Chris Williams is that he refused to give a grievance form to Mr. Holland when he requested one. The Seventh Circuit has Aspecifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure.@ *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "[A]ny right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 2008) (internal citations omitted). Because the plaintiff has no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated against this defendant through 42 U.S.C. ' 1983. Therefore, the claim asserted against Chris Williams is **dismissed** for failure to state a claim upon which relief can be granted.

The Court acknowledges that "the cruel and unusual punishments clause of the Eighth Amendment, [is] made applicable to state action by interpretation of the due process clause of the Fourteenth Amendment." *Withers v. Wexford Health Sources, Inc.,* 710 F.3d 688 (7th Cir. 2013); *see also Harper v. Albert,* 400 F.3d 1052, 1065 (7th Cir. 2005). Mr. Holland's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotations omitted). Therefore, to the extent Mr. Holland seeks relief directly

under the Fourteenth Amendment, such claims are **dismissed** for failure to state a claim upon which relief can be granted.

The clerk shall **terminate** from the docket defendants M. Gadberry, LPN Sharon Wilks, nurse Teresa Robertson, Dr. Rios Do. Rolando, Dr. John B. Clarkson, Chris Williams, and Marty Hale. In addition, any Fourteenth Amendment claim is **dismissed.** No partial final judgment shall issue as to the dismissal of these claims.

### III. Claims Asserted

The circumstances alleged by Mr. Holland occurred between November 20, 2012, and August 18, 2014, ten days before he signed his complaint. As noted, he asserts claims against numerous defendants employed at Wabash Valley and New Castle, along with two statewide defendants. The Court has grouped the remaining defendants as follows:

**Statewide Defendants** -   1) Corizon Corporation; 2) Dr. Michael Mitcheff (misspelled as "Mitchell" in the complaint) of Corizon;

**Wabash Valley Group** -   3) Dr. Jacques Leclerc (misspelled as "Laclera" and "Lachera" in the complaint); 4) Director of Nursing Kim Gray; 5) R.N. Lisa Wolfe; and

**New Castle Group**   - 6) nurse D. Allen; and 7) Dr. B. Loveridge.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that A[u]nrelated claims against different defendants belong in different suits.@ The complaint does not set forth any claim that properly joins all defendants.

In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

### IV. Claims That Shall Proceed

The Court discerns that the principal claims in this action are asserted against the two statewide defendants and the Wabash Valley defendants. Mr. Holland alleges that Dr. Mitcheff and Corizon Corporation had a policy of denying prisoner pain medications. He also alleges that Dr. Leclerc and Nurses Gray and Wolfe were aware of Mr. Holland's foot pain but failed to provide him with pain medication, crutches, or splints. **These claims shall proceed in this action.**

### V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Dr. Mitcheff, Corizon Corporation, Dr. Jacques Leclerc, Kim Gray, and Lisa Wolfe in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 3, 2014 (docket 1), the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk shall **update the docket** to reflect the spelling of the names, Dr. Jacques Leclerc and Dr. Michael Mitcheff.

### VI. Severance of Claims

As discussed above, the other claims asserted in the complaint are misjoined. The misjoined claims against New Castle defendants shall either be severed into a new action or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, the plaintiff will be responsible for a filing fee

for the new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

The plaintiff shall have **through November 14, 2014,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) against New Castle defendants nurse D. Allen and/or Dr. B. Loveridge into a new action, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 10/15/2014

_(signed)_ Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

John M. Holland, #31008
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
P. O. Box A
New Castle, IN  47362

Dr. Michael Mitcheff
Regional Medical Director
Indiana Department of Correction
402 West Washington Street
Indianapolis, IN 46024

Corizon Corporation
3737 N. Meridian Street, Suite 500
Indianapolis, IN 46208

Dr. Jacques Leclerc
Kim Gray
R. N.  Lisa Wolfe                    all 3 at:    Wabash Valley Correctional Facility
                                                  P. O. Box 500
                                                  Carlisle, IN 47838

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**